IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID MARABELLA | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:24-cv-04229 |
| | § | |
| v. | § | JURY |
| | § | |
| MIRAMONT MANAGEMENT | § | |
| COMPANY, LLC d/b/a MIRAMONT | § | |
| COUNTRY CLUB | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff DAVID MARABELLA (hereinafter "Plaintiff" or "Marabella") by and through his attorney Joshua A. Verde of The Verde Law Firm, PLLC, and for his Original Complaint against Defendant MIRAMONT MANAGEMENT COMPANY, LLC d/b/a MIRAMONT COUNTRY CLUB (hereinafter "Defendant" or "Miramont"), does hereby state and allege as follows:

NATURE OF THE CASE

1. This is a suit for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act (FLSA).

INTRODUCTION, JURISDICTION AND VENUE

2. Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et. seq*.

3. Jurisdiction of this action is conferred on this Court by 28 U.S.C. § 1331.

4. Plaintiff was hired into and/or worked out of Defendant's Miramont Country Club in Bryan, Brazos County, Texas. Accordingly, venue lies within this District, pursuant to 28 U.S.C. § 1391(b)(1)-(2).

5. At all times material herein, Plaintiff was entitled to the rights, protections and benefits provided under the Fair Labor Standards Act as amended, 29 U.S.C. § 201, *et. seq*.

## THE PARTIES

6. Plaintiff, Davia Marabella, is an individual and citizen of the State of Texas.

7. Defendant Miramont is a Texas limited liability company with its principal office location at 1 Momentum Blvd. Ste. 1000, College Station, TX 77845. It can be served with process through its registered agent, Registered Agent Solutions, Inc., 5301 Southwest Parkway, Suite 400, Austin, TX 78735.

## FACTUAL ALLEGATIONS

8. Defendant operates a country club in Brazos County, Texas.

9. Marabella was hired by Defendant in March 2018 and given the title of "Equipment Manager."

10. In this role, Marabella was a handyman or repairman. He was responsible for maintaining certain equipment belonging to the country club.

11. At no time did Marabella work in any capacity that would entitle Defendant to claim an exemption from the FLSA's overtime provisions.

12. Marabella's primary job duty was manual labor.

13. Marabella was initially paid a "salary" of $96,000 per year.

14. Miramont incorrectly advised Marabella that he was exempt and not entitled to receive overtime compensation.

15. Marabella frequently worked more than forty (40) hours in a week. Often, he would work more than fifty (50) hours in a work week.

16. Marabella was not paid for all of overtime hours worked.

17. Marabella was never paid time and a half.

18. In late June 2024, Miramont abruptly converted to an hourly rate pay structure.

19. Miramont advised Marabella that they had been improperly classifying him as exempt from overtime.

20. When Marabella asked for his back overtime, he was denied.

21. Marabella is owed at least $22,950 in back overtime pay.

22. Marabella is also entitled to receive at least $22,950 in liquidated damages.

23. In his position at Miramont, Marabella did not have the authority to hire or fire employees.

24. Marabella's primary work duty also did not involve the exercise of discretion and independent judgement with respect to matters of significance.

25. Marabella's primary work also did not involve tasks that are predominantly intellectual in character or tasks that required advanced knowledge in a field of science or learning.

26. Management was not Marabella's primary duty; nor were his suggestions and recommendations as to the hiring, firing, advancement, promotion or other change of status of other employees given any particular weight.

27. Defendant was notified on occasion – and should have known otherwise anyway – about their violations of the Fair Labor Standards Act.

28. Despite notice, Defendant failed to promptly correct the violations.

29. Defendant's actions were willful and were taken with the knowledge that the acts violated the wage and hour provisions of the Fair Labor Standards Act.

CLAIM FOR RELIEF
(COUNT 1 – VIOLATIONS OF FAIR LABOR STANDARDS ACT)

30. Marabella re-alleges and incorporates by reference the paragraphs stated above as if they were set forth verbatim herein.

31. At all relevant times hereto, Defendant was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

32. At all relevant times hereto, Defendant employed "employee[s]," including "equipment managers" who were engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

33. At all relevant times hereto, Defendant was an enterprise whose business done was not less than $500,000 annually.

34. The acts of the supervisors complained of herein are the acts of the Defendant under respondeat superior.

35. The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees or all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

36. Marabella is entitled to compensation for all hours worked.

37. Marabella is entitled to be paid overtime compensation for all overtime hours worked; overtime compensation includes the overtime premium as provided for within the FLSA.

38. At all relevant times hereto, Defendant, pursuant to their policies and practices, failed and refused to properly compensate Marabella for work performed in excess of forty (40) hours per week.

39. At all relevant times hereto, Defendant engaged in a knowing and willful policy, pattern, and/or practice of requiring or permitting Marabella to perform work in excess of forty (40) hours per week without compensation, including overtime compensation.

40. At all relevant times hereto, the overtime work performed by Marabella was required or permitted by Defendant, for the benefit of Defendant, and was directly related to Marabella's principal employment with Defendant. Further, Marabella's overtime work was an integral and indispensable part of his employment with Defendant.

41. Defendant violated the FLSA by failing to pay Marabella for all hours actually worked and by failing to pay Marabella at least one-and-a-half times his regular rates of pay for all hours worked in excess of forty (40) in a work week.

42. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201, *et. seq*.

43. The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Marabella, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et. seq.*, including 29 U.S.C §§ 211(c) and 215(a). These violations were knowing and willful within the meaning of 29 U.S.C. § 201, *et. seq*.

44. Marabella is entitled to the burden-shifting provisions regarding proof of hours worked as set out in Anderson v. Mt. Clemens Pottery Co. due to the violations of Defendant.

45. A written tolling agreement exists between Plaintiff and Defendant.

46. As a result of Defendant's violations of applicable law, Marabella is entitled to recover from Defendant, the amount of his unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorney's fees, litigation expenses and court costs pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## ATTORNEYS' FEES AND LIQUIDATED DAMAGES

47. Marabella seeks to recover his attorneys' fees and costs pursuant to the FLSA.

48. Marabella seeks liquidated damages as permitted by the FLSA.

## LEAVE TO AMEND

49. Marabella reserves the right to amend this Complaint as indicated by the law and as the facts dictate.

## JURY DEMAND

50. Marabella requests a trial by jury.

WHEREFORE, premises considered, Plaintiff David Marabella prays that Defendant be summoned to appear herein and answer; further plaintiff prays and requests:

a. that this Honorable Court enter a declaratory judgment, declaring that Defendant have willfully and wrongfully violated their statutory obligations under the FLSA and deprived Marabella of the protections and entitlements provided him under the law;

b. that this Honorable Court order a complete and accurate accounting of all the compensation to which Marabella is entitled;

c. that this Honorable Court enter a judgment in favor of Marabella and award Marabella monetary damages in the form of back-pay compensation (including overtime), liquidated damages equal to his unpaid compensation, plus interest thereupon;

d. that this Honorable Court award Marabella his attorneys' fees, expert fees, and costs of the action; and

e. award such other and further relief as the Court deems just and proper.

Dated: October 31, 2024

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
Attorney-In-Charge
State Bar No. 24077590
Fed. ID No. 1760723
Ashley B. Reilly
State Bar No. 24114999
Fed. ID No. 38442772
12012 Wickchester Ln, Suite 330
Houston, TX 77079
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEYS FOR PLAINTIFF